

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

Civil action No.

DAN EICHER, trustee of the,
JEAN M. EICHER TRUST,
        Plaintiff,

v.

18- cv -31 -R

NATIONWIDE MUTUAL
INSURANCE CO.,
and AMCO INSURANCE COMPANY,
each a for profit company,
        Defendants.

---

## NOTICE OF REMOVAL

---

Defendants Nationwide Mutual Insurance Co., and Amco Insurance Company, hereafter ["Defendants"], by through undersigned counsel, White and Steele, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court of the County of Park, State of Wyoming, to the United States District Court for the District of Wyoming.  In support thereof, Defendants state as follow:

### I.  INTRODUCTION

1.      On or about January 26, 2018, Plaintiff filed a lawsuit against Defendants, case number Civil Action No. 29017, in the District Court, County of Park, Wyoming, entitled *Dan Eicher trustee of the Jean M. Eicher Trust v. Nationwide Mutual Insurance CO., and Amco Insurance Company, each a for profit company* .  A copy of the Case History for case number Civil Action No. 29017 is attached hereto as **Exhibit A**.  Enclosed with **Exhibit A** are the following with respect to case number Civil Action No. 29017: Civil Case Cover Sheet;

Complaint; Summons and Return of Service, Defendants Motion To Dismiss Plaintiff's Complaint, and Notice Of Removal To Federal District Court. The contents of **Exhibit A** constitute all of the process, pleadings, and orders filed by the parties in case number Civil Action No. 29017. See 28 U.S.C. § 1446(a).

2.      This lawsuit arises out of a December 15, 2016 broken water pipe that damaged property allegedly owned by the Jean M. Eicher Trust and of which Plaintiff, Dan Eicher alleges he is the Trustee of such trust. It is alleged that Plaintiff contacted one of the Defendants on or about December 15, 2016 advising one of the Defendants that a water pipe had burst, causing damage to the kitchen. The property at the time was vacant as the previous tenant had moved out on November 1, 2016. On or about January 4, 2017, Plaintiff alleges that Defendant Nationwide issued a denial of Plaintiff's claim under its insurance policy.

3.      Plaintiff claims breach of contract, breach of the covenant of good faith and fair dealing, and bad faith including violations of W.S. § 26-15-124.

4.      The United States District Court for the District of Wyoming has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.      Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Wyoming is the appropriate court for the filing of a Notice of Removal from the District Court of the County of Park, Wyoming, where this action is pending.

6.      The above-described civil action is one which may be removed by Defendants pursuant to 28 U.S.C. § 1441(a).

7.     This Notice of Removal is filed within thirty (30) days of receipt by Defendants of Plaintiff's Complaint on January 29, 2018 and is timely under 28 U.S.C. § 1446(b).  See **Exhibit A, Return of Service.**

8.     Pursuant to 28 U.S.C. 1446(d), this Notice is being simultaneously filed with the Clerk of the District Court of the County of Park, Wyoming, and a copy has been served on Plaintiff as indicated on the attached Certificate of Service.

## II.     DIVERSITY OF CITIZENSHIP

9.     "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile.  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

10.     Pursuant to the allegations of the Complaint filed in the District Court of the County of Park, case number Civil Action No. 29017, Plaintiff was a resident of the State of Wyoming.

11.     For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C. 1332(c)(1).  Defendant Nationwide is and was, at the commencement of this action, a corporation domiciled in Ohio with its principal place of business in Ohio.  Nationwide's corporate headquarters is located at One Nationwide Plaza, Columbus, Ohio 43215-2220.  Defendant Nationwide, therefore, is a citizen of Ohio for purposes of determining diversity.

12.     For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C. 1332(c)(1).  Defendant Amco is and was, at the commencement of this action, a corporation domiciled in Iowa with its principal place of business

in Iowa. Amco's corporate headquarters is located at 1100 Locust St Des Moines, IA 50391-1100. Defendant Amco, therefore, is a citizen of Iowa for purposes of determining diversity.

13.     Plaintiff and defendants Nationwide and Amco are citizens of different states. As such, complete diversity of citizenship exists between the parties.

### III.     AMOUNT IN CONTROVERSY

14.     A federal court has diversity jurisdiction when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. *Stuart v. Wyoming Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the Complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

15.     In the present matter, Plaintiff alleges the amount in controversy exceeds $75,000.00. Plaintiff claims various forms of damages that he will seek recover for, including appropriate amounts under the insurance policy, pre and post judgment interest, bad faith damages, exemplary damages and attorney fees[1]. See *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[T]he defendant may rely on an estimate of the potential damages from the allegations in the Complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."). Additionally the Complaint at paragraph #7 states that amount in controversy is in excess of $75,000.00.[2]

---

*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1338 (10th Cir. 1998) (attorney fees may be considered if a statute mandates or allows their payment).

*Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003) (punitive or exemplary damages may be considered).

16.     Furthermore, Plaintiff's District Court Civil Cover Sheet filed in Park District indicates that in this lawsuit under Paragraph IV, Plaintiff states "in excess of $75,000.00." See, **Exhibit A**, District Court Civil Cover Sheet.

WHEREFORE, for all the reasons set forth above, Defendants respectfully request that the United States District Court for the District of Wyoming accept this Notice of Removal, that it assume jurisdiction of this case and issue such further orders and processes as may be necessary to bring before all parties for the trial hereof.

Respectfully submitted this _15_ day of February, 2018.

WHITE AND STEELE, P.C.

Monty L. Barnett, #6-2694
Dino G. Moncecchi, #7-5018
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
(303) 296-2828

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this _15_ day of February, 2018, a true and correct copy of the above and foregoing was properly served via electronic filing through ECF on the following:

Laurence W. Stinson, WSB # 6-2918
Stinson Law Group P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
*Attorney for Plaintiff*

White and Steele, P.C.